UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-99-0464 |
| § | CIVIL ACTION  NO. H-06-1254 |
| JAMES ARTHUR WOODLEY, § | |
| § | |
| Defendant-Movant. § | |

**MEMORANDUM AND RECOMMENDATION GRANTING**
**THE UNITED STATES' MOTION FOR DISMISSAL**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is the Government's Answer and Motion for Dismissal (Document No. 173), and Movant James Arthur Woodley's "Motion for Relief of Judgment or Order" (Document No. 163), which has been docketed and construed as a § 2255 Motion to Vacate, Set Aside or Correct Sentence. Having considered Woodley's Motion, the Government's Answer and Motion for Dismissal, Woodley's Motion to Strike Respondent's Motion to Dismiss (Document No. 175), the record of the proceedings before the District Court and the Court of Appeals, the claims and allegations raised by Woodley in his motion, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion for Dismissal be GRANTED, and that Woodley's "Motion for Relief of Judgment or Order" be DENIED.

I.      **Procedural History**

Movant James Arthur Woodley ("Woodley"), who is currently in the custody of the United States Bureau of Prisons, is seeking relief from the Final Judgment denying his previously filed § 2255 Motion to Vacate, Set Aside or Correct Sentence pursuant to FED. R. CIV. P. 60(b)(3), claiming that the Final Judgment was procured by the Government through perjury and fraud.

On December 15, 1999, Woodley was charged in a three count superseding indictment with aiding and abetting the possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(iii), and 18 U.S.C. § 2 (Count One); conspiracy to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(iii), and 21 U.S.C. § 846 (Count Two), and possession of a Lorcin 9mm handgun during, in relation to, and in furtherance of the drug trafficking crimes alleged in Counts One and Two, in violation of 18 U.S.C. § 924(c)(1) (Count Three). (Document No. 37). Woodley pled not guilty and proceeded to trial. On April 5, 2000, following a three day jury trial, Woodley was found guilty of all three counts alleged in the superseding Indictment. (Document No. 62). On December 28, 2000, following the preparation of a presentence investigation report, to which both the Government and Woodley filed Objections (Document Nos. 74, 75, 82), Woodley was sentenced to 420 months confinement, to be followed by a ten year term of supervised release, a $6,000 fine, and a $300 special assessment. (Document No. 114). A Judgment of Conviction was entered on January 4, 2001. (Document No. 116).

Woodley appealed to the Fifth Circuit Court of Appeals, which affirmed his conviction in an unpublished opinion on May 13, 2002. (Document Nos. 138 & 139). Woodley then, on or about May 13, 2003, filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No.

2

140). The Government filed an Answer, and a Motion for Dismissal (Document No. 146), to which Woodley filed a Reply Brief in response. (Document No. 150). In addition the record was expanded, upon the Government's motion, to include the affidavits of James Brooks and Andrew J. Williams, and Woodley was afforded a full and fair opportunity to respond to and challenge those affidavits. (Document Nos. 151 & 152). In a Memorandum and Recommendation entered on May 20, 2004, the undersigned Magistrate Judge recommended that the Government's Motion for Dismissal be granted, and that Woodley's § 2255 Motion be denied. (Document No. 153). The District Judge adopted that Memorandum and Recommendation, and entered a Final Judgment of Dismissal on June 21, 2004. (Document Nos. 155 & 156). Woodley appealed and the Fifth Circuit Court of Appeals, on February 16, 2005, denied Woodley a certificate of appealability. (Document No. 161). Woodley then, on or about March 17, 2006, filed his "Motion for Relief of Judgment or Order" (Document No. 163). The Government, in response, has filed an Answer and Motion for Dismissal (Document No. 173), to which Woodley has filed a Motion to Strike (Document No. 175).

**II.    Issues**

Woodley asserts in his "Motion for Relief of Judgment or Order" (Document No. 163), that the Final Judgment dismissing his previously filed § 2255 Motion to Vacate, Set Aside or Correct Sentence was procured by the Government through fraud and should be set aside on that basis pursuant to FED. R. CIV. P. 60(b)(3). In particular, Woodley maintains that James M. Brooks, Kenneth W. McGuire and Andrew J. Williams "defrauded the integrity of the Court in allegations in his affidavit pursuant to Movant's Motion under 28 U.S.C. § 2255." With respect to Mr. Brooks, Woodley maintains that Brooks' affidavit contains falsehoods and perjury regarding counsel's lack

of opportunity file pretrial motions and his numerous contacts with Woodley prior to and in preparation for the trial. As for McGuire, Woodley maintains that his affidavit contains falsehoods and perjury regarding his efforts to prove that the Government knew the confidential informant's testimony about his prior criminal history was not truthful. Finally, as for Williams, Woodley maintains that his affidavit contains falsehoods about whether certain issues had been preserved for appeal.

In response to Woodley's Motion, the Government argues that no relief is available to Woodley under Rule 60(b)(3) because neither his allegations of fraud nor his reliance on the record in support of his allegations of fraud warrant the setting aside of the Judgment. In addition, the Government argues that to the extent Woodley is seeking to relitigate the claims and issues that were considered and rejected in his previously filed § 2255 Motion to Vacate, Set Aside or Correct Sentence, Woodley's Motion should be considered a second or successive § 2255 motion, and should be dismissed because Woodley has not been given permission by the Fifth Circuit Court of Appeals to file a successive motion.

**III.     Discussion**

A consideration of Woodley's Motion is first dependent on whether that motion is a true Motion for Relief from Judgment under Rule 60(b) or whether the motion is, and should be construed as, a second § 2255 motion. A review of Woodley's motion, the allegations of fraud by the Government in connection with Woodley's previously filed § 2255 motion, and Woodley's repeated and consistent invocation of Rule 60(b) support the conclusion that Woodley's motion is, and should be considered, a motion brought under Rule 60(b). *See Gonzalez v. Crosby,* 125 S.Ct.

4

2641, 2651 (2005) ("when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings", the motion should be considered as a Rule 60(b) motion and not a successive motion under 28 U.S.C. § 2255).

> Rule 60(b) provides for the setting aside of a Final Judgment as follows:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or o set aside a judgment for fraud upon the court.

To the extent Woodley is seeking to set aside the Judgment denying his § 2255 Motion under Rule 60(b)(3), Woodley's motion is untimely. A Rule 60(b)(3) motion which is based on an adverse party's fraud or misrepresentation must be made within one year of the judgment being entered. Here, the Final Judgment denying Woodley's § 2255 Motion to Vacate, Set Aside or Correct Sentence was entered on June 21, 2004. Woodley's Rule 60(b) motion was filed on March 17, 2006, well over a year later. Any request for relief under Rule 60(b)(3) is therefore untimely.[1]

---

[1] Even if Woodley's Motion under Rule 60(b)(3) were timely, Woodley would not be entitled to any relief. "One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and

5

As for Woodley's allegations that the Government committed fraud upon the Court with the affidavits it filed in response to his § 2255 Motion to Vacate, Set Aside or Correct Sentence, Woodley has not met the high burden of establishing "fraud upon the court" within the meaning of Rule 60(b) and the controlling Fifth Circuit case law. "'In order to set aside a judgment or order because of fraud upon the court under Rule 60(b) . . . it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337 (5th Cir. 1978) (quoting *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960). Here, there has been no showing of such a plan or scheme. While the Government did submit affidavits from Brooks, McGuire and Williams in support of its Answer and Motion for Dismissal of Woodley's previously filed § 2255 motion, those affidavits were not relied upon by the Court in the dismissal of Woodley's § 2255 motion. Moreover, given Woodley's opportunity to refute the contents of the affidavits of Brooks, McGuire and Williams, the Court was not, and could not have been, improperly influenced by the affidavits of Brooks, McGuire and Williams.

Upon this record, Woodley has not met his burden of showing that any relief is available under Rule 60(b). Therefore, Woodley's motion should be denied.

---

convincing evidence. The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense. This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978) (internal citations omitted). Here, because Woodley was able to refute the contents of the affidavit of Brooks, McGuire and Williams about which he complains and because the affidavits of Brooks, McGuire and Williams were not relied upon by the Court in dismissing Woodley's § 2255 motion, Woodley has not, and cannot, establish that he is entitled to any relief under Rule 60(b)(3).

### IV.     Conclusion and Recommendation

Based on the foregoing and the conclusion that no relief is available to Movant James Arthur Woodley on his "Motion for Relief of Judgment or Order" the Magistrate Judge

RECOMMENDS that the Government's Motion for Dismissal (Document No. 173) be GRANTED, that Movant James Arthur Woodley on his "Motion for Relief of Judgment or Order" (Document No. 163) be DENIED, and that Woodley's Motion to Strike the Government's Motion for Dismissal (Document No. 175) be DENIED as MOOT.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 4th day of October, 2006.

Frances H. Stacy
United States Magistrate Judge